IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GEORGE SNELSON,                              §
                                             §
              Movant,                        §
                                             §
VS.                                          §   NO. 4:18-CV-941-O
                                             §   (NO. 4:15-CR-237-O)
UNITED STATES OF AMERICA,                    §
                                             §
              Respondent.                    §

## OPINION AND ORDER

Came on for consideration the motion of George Snelson, movant, under 28 U.S.C. § 2255

to vacate, set aside, or correct sentence.[1] The court, having considered the motion, the

government's response, the reply, the record, including the record in the underlying criminal case,

No. 4:15-CR-237-O, and applicable authorities, finds that the motion should be denied.

## I.  BACKGROUND

The record in the underlying criminal case reflects the following:

On October 14, 2015, movant was named in a one-count indictment charging him with

possession with intent to distribute 50 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). CR

Doc.[2] 3. On November 5, 2015, movant appeared before the court with his counsel and entered a

plea of guilty to the offense charged. CR Doc. 20. Movant and his attorney signed a factual resume

that set forth the maximum penalty movant faced, the elements of the offense charged, and the

---

[1] Movant also has pending a motion for leave of court to conduct discovery. He has not shown that he is entitled to undertake such discovery; rather, it appears that he wishes to conduct a fishing expedition. *See Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). For the reasons discussed herein, movant's § 2255 motion has no merit. Additional discovery would not help. *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004).

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-237-O.

stipulated facts establishing that movant had committed the offense. CR Doc. 18. Movant testified under oath that: he understood his rights pertaining to trial and that he waived those rights; he should never rely on any statement or promise by anyone, whether connected with a law enforcement agency or the government or his attorney or anyone else, as to what penalty would be assessed against him; any discussion of the guidelines at that point would only be an estimate and not a promise of what the guidelines would be; his plea must be purely voluntary and must not be induced or prompted by any promises, pressures, threats, force, or coercion of any kind; and, the court was not bound by facts stipulated between movant and his attorney and the government and could take into consideration other facts and that movant might not be allowed to withdraw his plea in such an event. Further, movant testified that no one had coerced him or made any promises to him to induce him to plead guilty, he had discussed the issue of punishment with his attorney and how the sentencing guidelines might apply, and he was fully satisfied with the representation of his attorney. The court found that movant's plea was knowing and voluntary. CR Doc. 47.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 34. CR Doc. 23, ¶ 37. He received two-level enhancements for possession of a weapon, *id.* ¶ 38, importation, *id.* ¶ 39, maintaining a drug premises, *id.* ¶ 40, and being an organizer or leader. *Id.* ¶ 42. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 46. 47. Based on a total offense level of 39 and a criminal history category of IV, movant's guideline imprisonment range was 360 months to life; however, the statutorily authorized maximum sentence was 20 years, so the guideline term became 360 to 480 months. *Id.* ¶ 96. Movant filed objections, CR Doc. 25, and the probation officer prepared an addendum to the PSR. CR Doc. 28.

The court overruled movant's objections and sentenced him to a term of imprisonment of 360 months. CR Doc. 48; CR Doc. 37. Movant appealed, CR Docs. 39, 40, and the United States Court of Appeals for the Fifth Circuit affirmed his sentence. *United States v. Snelson*, 687 F. App'x 422 (5th Cir. 2017). His petition for writ of certiorari was denied. *Snelson v. United States*, 138 S. Ct. 1174 (2018).

## II.  GROUNDS OF THE MOTION

Movant asserts six grounds in support of his motion. Doc.[3] 1. In grounds one and two, movant alleges that he received ineffective assistance of counsel at trial. *Id.* at PageID[4] 4 & 5. In grounds three and six, he alleges that he received ineffective assistance on appeal. *Id.* at PageID 6 & 12. In ground four, he alleges that the court used uncharged conduct to calculate his sentence in violation of *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). *Id.* at PageID 8.  And, in ground five, he alleges that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at Page ID 10.

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form filed by movant are not the actual page numbers of the document.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

4

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, movant complains that his counsel "fail[ed] to investigate the case and properly advise his client of the terms of the plea agreement and the consequences of the guilty plea. Counsel provided erroneous information to induse [sic] a guilty plea." Doc. 2 at PageID 34. He does not argue, however, that his plea was not knowing and voluntary. *See id* at PageID 38; Doc. 1 at PageID 16.

Movant's allegation that his counsel failed to investigate the case and properly advise his client is conclusory and fails for that reason alone. *Miller*, 200 F.3d at 282. Moreover, movant's guilty plea waived all nonjurisdictional defects, including ineffective assistance of counsel. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). The court found that movant's plea was knowing and voluntary. His solemn declarations in open court—that no one had promised him anything or coerced him into pleading guilty--are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His conclusory allegations to the contrary are not enough to entitle him to a hearing. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Further, he has not shown that but for counsel's errors he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

5

Finally, with regard to the first ground, the court notes that to the extent movant is really arguing that he was induced to plead guilty, the agreement was that the government would not pursue an indictment against him for conspiracy if he pleaded to possession. Doc. 2 at PageID 63. He did plead and the government never indicted him for conspiracy or any other offense. It makes no sense to argue that his counsel was ineffective in advising him to plead to one offense so that he would not be charged with a more serious offense that might involve "a significantly higher sentence, even life in prison." *Id.* at PageID 35.

In support of his second ground, movant says that his counsel "failed to investigate and/or notify [him] of additional information submitted in an addendum [to the PSR]." Doc. 1 at PageID 5. He says that the additional information was used to deny his objection to the weapon enhancement. *Id.* In his memorandum, he points to the part of the addendum to the PSR stating that movant was seen online holding a gun and displaying the word "aryan" tattooed on his leg. Doc. 2 at PageID 39. He says that he could easily have proven that he has no tattoos on his legs.[5] *Id.* He has not shown, however, that the alleged photos caused him to receive the enhancement. Rather, the record reflects that the enhancement was based on movant's purchase of a handgun during the time he was involved in methamphetamine trafficking.[6] *Snelson*, 687 F. App'x at 424. Further, he has not shown that the two-point enhancement had any impact on his sentence.

---

[5] Movant does not otherwise dispute that he had posted to his Facebook page photographs of himself posing with guns. CR Doc. 28 at 3.

[6] In his reply, movant says that he did not purchase the gun from Alicia Feeney in December 2014. Doc. 19 at 6. The argument comes too late. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). In any event, movant had objected to the PSR on the basis that there was no evidence to support the weapon enhancement. CR Doc. 25 at 3. The reply makes it uncertain whether movant and counsel conferred about the addendum. Doc. 19 at 6 (stating "it is highly improbable that counsel actually notified [movant] of said addendum"). One of the emails movant attached to his memorandum reflects that counsel made a strategic choice not to pursue objections that might cost movant acceptance of responsibility. Doc. 2 at PageID 58. Counsel represented to the court that he and movant had reviewed the PSR and addendum. CR Doc. 48 at 2.

Movant's third ground is that he received ineffective assistance of counsel on appeal. Doc. 1 at PageID 6. In his memorandum, he explains that although counsel challenged the temporal and spatial relationship of the gun he purchased to any drug transaction, he did not pursue that argument on appeal. Doc. 2 at PageID 41. Movant overlooks that the court overruled movant's objection to the weapon enhancement for the reasons stated in the government's response to movant's objections, CR Doc. 26, and in the addendum to the PSR, CR Doc. 28. CR Doc. 48 at 3. The court's findings were entitled to deference on appeal. Thus, counsel obviously made a strategic choice to attack the enhancement on another basis. He was not required to raise every ground of appeal available. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). As the Fifth Circuit pointed out, a temporal and spatial relation existed between the firearm, the drug-trafficking, and movant. *Snelson*, 687 F. App'x at 424 (citing *United States v. Paulk*, 917 F.2d 879, 884 (5th Cir. 1990)).

In his fourth ground, movant refers to a "recent ruling" of the United States Supreme Court to argue that the court was not allowed to use uncharged conduct to enhance his sentence. Doc. 1 at PageID 8. The memorandum identifies the case as *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). Doc. 2 at PageID 42. In *Nelson*, the Supreme Court held that a state requirement that defendants whose convictions had been invalidated must institute separate civil proceedings to recover previously paid court costs and restitution violated the Due Process Clause of the Fourteenth Amendment. Despite movant's arguments to the contrary, the case has no relevance here. Clearly, a sentencing court may take into account uncharged conduct proved by a preponderance of the evidence in determining a sentence. *United States v. Watts*, 519 U.S. 148, 157 (1997). This ground has no merit.

In his fifth ground, movant simply alleges "Brady Violation." Doc. 1 at PageID 10. In support, he contends that the prosecution failed to disclose to the defense evidence allegedly seen online of movant holding a gun and displaying the word "aryan" on his shin. *Id.* This ground is precluded by movant's guilty plea. *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009). In any event, information posted on movant's own Facebook page can hardly have been hidden from him. *See United States v. Brown*, 650 F.3d 581 587–88 (5th Cir. 2011)(evidence is not suppressed if the defendant knows of it or could have discovered it through due diligence). And, finally, there is no reason to believe that the photographs had any bearing on movant's sentence.

Movant's sixth ground again raises ineffective assistance of appellate counsel. Doc. 1 at PageID 12. This time, he says that his counsel failed to recognize a new rule handed down from the Supreme Court while his case was still under direct appeal. *Id.* In his memorandum, he says that the case is *Nelson*, Doc. 2 at PageID 49, which, as the court has already noted, bears no relevance to this case. Movant's counsel cannot have been ineffective in failing to raise a frivolous ground on appeal. *See Williamson*, 183 F.3d at 462.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED** as is his motion for leave to conduct discovery.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of December 2020.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

8